ENRIQUE GERMÁN, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1565. Argued April 14, 1944.—Decided May 5, 1944.

588

Marrero & Sánchez for petitioner. Gaetán Roberts & Alcalá for complainant in the main action.

Mr. Justice Snyder delivered the opinion of the court.

On several occasions Enrique Germán, former husband of Carmen Lanclós, has failed to comply with a judgment of the district court in a suit brought against him by his ex-wife for maintenance of their three minor children. The judgment provided that he pay $30 monthly for the support of the said children. In view of his most recent failure to comply with the said judgment, Germán was sentenced to thirty days in jail for contempt of court. Germán appealed this latter sentence and moved for bond pending appeal. The district court refused the motion to fix bond. We granted certiorari to determine whether the district court had any authority to refuse to provide for bond pending appeal.

The first question to be determined is whether or not the thirty-day sentence is appealable. The district court did not hold that the judgment was not appealable. Its order reads as follows:

"The proceedings in the instant case were conducted pursuant to §618 of the Code of Civil Procedure, which expresaly provided that the appeal shall not be an obstacle to the execution of the judgment.

If the judgment in this case had been executed by virtue of a writ of attachment, the appeal would not have stayed the execution of the judgment. Nor does it suspend an order of imprisonment issued with the purpose of executing the judgment. An appeal of a judgment for imprisonment due to non-compliance with an order for maintenance and support, which order would suspend in all its effects said judgment, would have the legal effect of being an obstacle to the execution of the principal judgment. This would amount to ignoring the express provisions of §618 of the Code of Civil Procedure. To support this order, see *Rodríguez* v. *Gómez*, 16 P.R.R. 808; *Urriga* v. *Villanúa*, 20 P.R.R. 567; *Molinari* v. *López Acosta*, 20 P.R.R. 477; *Stella* v. *District Court*, 41 P.R.R. 632.

"For the above reasons, the motion praying that this court fix a bond for the liberty of the defendant, pending his appeal, is hereby denied."

The district court properly held that no appeal in a suit for maintenance shall prevent the execution of the judgment obtained therein. But there has been no appeal against the judgment for maintenance, and the wife may proceed immediately to the execution thereof. No action has been taken —nor would it be taken—by the husband to prevent such execution.

What is before us, however, is not the judgment for maintenance, but a sentence for contempt of court. Returning to the question of whether such a sentence is appealable, we find that "This court has heretofore entertained without question appeals from judgments in proceedings for civil contempt under section 295 of the Code of Civil Procedure, and appeals from judgments in proceedings for criminal contempt under section 345 of the Code of Criminal Procedure." (*Sánchez* v. *Romany, Judge*, 53 P.R.R. 568). Nothing has been presented to us which would require us to change the rule enunciated in *Sánchez* v. *Romany*.

 However, it becomes necessary for us to determine whether this is essentially a civil or a criminal contempt, in order to determine whther the procedure on appeal shall be civil or criminal. The test therefor is laid down in *People*

v. *P. R. Ry. L. & P. Co.*, 59 P.R.R. 221, where we said that (p. 224) "a contempt is criminal where the motion of the court aims at the punishment of an offense against its own dignity, irrespective of the rights of the parties to the action. It is of a civil nature when the action of the court tends to protect, by the use of sanctions, a private right involved in a litigation before such court. Where it appears from the acts with which the defendant is charged that the contempt in partly criminal and partly civil, the criminal aspect prevails over the civil aspect, and in such case the contempt is considered to be criminal for purposes of review of the judgment by a higher court." (See also *Nye* v. *United States*, 313 U. S. 33, 42, 43).

The same idea has been expressed by he leading case on this point. There the Supreme Court of the United States states that "It is not the fact of punishment but rather its character and purpose that often serve to distinguish between the two classes of cases. If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authoriy of the court." (*Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418, 441).

This test is sometimes difficult to apply, as proceedings for contempt are *sui generis* and occupy what may be termed the twilight zone between civil and criminal cases.[1] But no undue difficulty exists in the case before us, in view of the fact that the judgment was for a fixed term of jail rather than for indefinite incarceration to compel compliance with the judgment for maintenance. Moskovitz, Contempt of Injunction, Civil and Criminal, 43 Col. L. Rev. 780 [2] says at pp. 790–1 that "The contempt order itself is frequently used in determining whether a contempt proceeding be civil

---

[1] *W.A. & H.A. Root* v. *MacDonald*, 157 N.E. 684, at p. 668 (Mass., 1927).

[2] This article contains an exhaustive and exceedingly helpful discussion of the many facets of this troublesome subject.

or criminal. This factor, however, is one that can only be used by an appellate court. A trial court cannot use it, unless it can learn to lift itself by its own bootstrap. When a fine is ordered paid to the state, the judgment is punitive and the proceeding is considered one for criminal contempt. Likewise, if the defendant is imprisoned for a fixed term the order is punitive and the proceeding is criminal. Conversely, the fact that the fine is ordered paid to a private plaintiff is a factor occasionally relied on in pronouncing the proceeding to be for civil contempt."

As the judgment herein for a fixed term [3] was clearly punitive rather than remedial, the criminal feature thereof is dominant, and we treat it, for purposes of appeal, as criminal. The appeal therefore stays the execution of the judgment (§353, Code of Criminal Procedure, 1935 ed., as amended by §4, Laws of Puerto Rico, 1903, p. 46) and makes it the duty of the district court to fix bond (§374, Code of Criminal Procedure, 1935 ed.).

The district court had in mind the laudable purpose of compliance with the statutory provision that execution of a judgment for maintenance should not be delayed by appeal. The difficulty is that in the present case there was no appeal from the judgment for maintenance, which can be executed forthwith. The appeal herein is from the sentence for contempt. It may be that the Legislature should provide for denial of bond in such cases. But until it does, the general provisions for bond in criminal cases apply herein.

The order of the district court refusing to fix bond pending appeal will be vacated and the case will be remanded to the district court for the fixing of such a bond.

---

[3] Under what circumstances, if any, a sentence for other than a fixed term could be imposed in a case like the instant case is not involved herein, and we leave that question open. We do note, however, that Act No. 102, Laws of Puerto Rico, 1937, leaves no room for speculation on the question before us, as to cases brought under that Act, in view of its specific provision that such cases involve *criminal* contempt. Cf. the proviso found in §263 of the Criminal Code.